IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Judy Creech,                              )
                                          )
                    Plaintiff,            )        C.A. No. 4:04-2484-HMH-TER
                                          )
            vs.                           )        **OPINION & ORDER**
                                          )
Jo Anne B. Barnhart, Commissioner of      )
Social Security,                          )
                                          )
                    Defendant.            )

        This matter is before the court on a motion for attorney's fees and costs pursuant to the

Equal Access to Justice Act ("EAJA").  See 28 U.S.C. § 2412(d) (West 1994 & Supp. 2005).

Judy Creech ("Creech") seeks attorney's fees in the amount of Three Thousand Nine Hundred

Forty-nine Dollars and Seventy-five Cents ($3,949.75) and costs in the amount of Fifteen

Dollars and Forty-five Cents ($15.45) for services rendered in the above-captioned social

security action.  The Commissioner objects to the request for attorney's fees and costs.  In reply,

Creech requests that the court admonish the Government for litigating this matter and "ask[s]

the Court to amend her original request to include the time reading the Defendant's reply and

responding to it."  (Pl.'s Reply 1.)

        "A party who prevails in litigation against the United States is entitled to EAJA

attorneys' fees upon timely petition for them if the government's position was not substantially

justified and no special circumstances make an award unjust."  Thompson v. Sullivan, 980 F.2d

280, 281 (4th Cir. 1992) (internal quotation marks omitted).  "[T]he test of whether or not a

government action is substantially justified is essentially one of reasonableness.  In order to

1

defeat an award, the government must show that its case had a reasonable basis both in law and fact." <u>Smith v. Heckler</u>, 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). "Substantially justified" means "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person." <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). "To be substantially justified means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." <u>Id.</u> at 566 (internal quotation marks omitted).

Creech argues that she is entitled to attorney's fees pursuant to the EAJA because the Commissioner was not substantially justified in her position. After a careful review of the record, the court finds that, while not ultimately meritorious, the Commissioner's position was substantially justified. Because the Commissioner's position was substantially justified, the court denies Creech's motion for attorney's fees and costs pursuant to the EAJA.

Therefore, it is

**ORDERED** that Creech's motion for attorney's fees and costs is denied.

**IT IS SO ORDERED**.


                                        s/ Henry M. Herlong, Jr.
                                        United States District Judge


Greenville, South Carolina
January 24, 2006